**08 CV 6774**

BLANK ROME LLP
Attorneys for Plaintiff
HHL HEAVY LIFT & LOAD TRANSPORT GMBH & CO. KG
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174
(212) 885-5000
jgreenbaum@blankrome.com



RECEIVED JUL 29 2008 U.S.D.C. S.D. N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HHL HEAVY LIFT & LOAD TRANSPORT GMBH & CO. KG,<br><br>Plaintiff,<br><br>-against-.<br><br>INDUSTRIAL MARITIME CARRIERS (BERMUDA) LTD.,<br><br>Defendant. | 08 Civ.<br><br>**VERIFIED COMPLAINT** |

Plaintiff HHL HEAVY LIFT & LOAD TRANSPORT GMBH & CO. KG., ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendant, INDUSTRIAL MARITIME CARRIERS (BERMUDA) LTD. ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333 and federal question jurisdiction under 28 U.S.C. §1331 and 9 U.S.C. §203.

2. At all material times, Plaintiff was and now is a business entity organized and existing under the laws of Germany.

3. At all material times, Defendant was and now is a corporation or other business entity organized and existing under the laws of Bermuda or another foreign jurisdiction, having no office or place of business within this judicial district.

4. Pursuant to a time charter party dated January 5, 2006, Plaintiff chartered the M/V ATLANT TRINA to Defendant for a period of 12 to 14 months.

5. Defendant wrongfully withheld charter hire due to Plaintiff in the sum of US$2,293,839 for a period of 141.37197 days, which Defendant has failed and refused to pay or to provide security for, despite due demand. Therefore, Plaintiff is entitled to judgment against Defendant in the said sum, plus interest and costs.

6. Pursuant to the terms of the Charter, Plaintiff's claim is subject to arbitration in London. Arbitration has been commenced and Plaintiff reserves its right to arbitrate the merits of the disputes pursuant to 9 U.S.C. § 8.

7. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration. Plaintiff estimates it will recover interest of at least US$412,891 at a rate of 6% per year for three years, plus arbitrators' and attorneys' fees of at least US$396,170.

8. The total amount for which Plaintiff seeks Process of Maritime Attachment is **US$3,102,900**.

9. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees

in this District, including but not limited to electronic fund transfers, because Defendant is engaged in international commerce using United States Dollars, of which all electronic fund transfers are processed by intermediary banks in the United States, mainly in New York City.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.  That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of to the Defendants up to the amount of **US$3,102,900** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That this Court enter judgment for Plaintiff's claim, or retain jurisdiction over this matter through the entry of a judgment on an eventual arbitration award.

D.  That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
       July 29, 2008

                                             Respectfully submitted,
                                             BLANK ROME LLP
                                             Attorneys for Plaintiff
                                             HHL HEAVY LIFT & LOAD
                                             TRANSPORT GMBH & CO. KG

By  _____
                                             Jack A. Greenbaum (JG 0039)
                                             405 LexingtonAve.
                                             New York, NY 10174
                                             Tel.: (212) 885-5000

## VERIFICATION

STATE OF NEW YORK          )
                           : ss.:
COUNTY OF NEW YORK         )

Jack A. Greenbaum, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

                                                                            _____
                                                                            Jack A. Greenbaum

Sworn to before me this
29th day of July 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov. 30, 2009

BLANK ROME, LLP
Attorneys for Plaintiff
HHL HEAVY LIFT & LOAD TRANSPORT GMBH & CO. KG
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000
jgreenbaum@blankrome.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HHL HEAVY LIFT & LOAD TRANSPORT GMBH & CO. KG,<br><br>Plaintiff,<br><br>-against-<br><br>INDUSTRIAL MARITIME CARRIERS (BERMUDA) LTD.,<br><br>Defendant. | 08 Civ.<br><br>**AFFIDAVIT UNDER**<br>**SUPPLEMENTAL RULE B** |

STATE OF NEW YORK    )
                     )  ss:
COUNTY OF NEW YORK   )

JACK A. GREENBAUM, being duly sworn, deposes and says:

1.    I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant, INDUSTRIAL MARITIME CARRIERS (BERMUDA) LTD. ("Defendant"), a foreign corporation, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

900200.00001/6657916v.1

2. Defendant is a party to a maritime contract of charter party and is a foreign corporation, with no office or place of business in this Judicial District.

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

JACK A. GREENBAUM

Sworn to before me this
29th day of July, 2008

Notary Public

Notary Public, KARL V. REDA
No. 30-4793126, State of New York
Certificate Filed in Nassau Cty.
Commission Expires in New York County
Nov. 30, 2009