NOURSE & BOWLES, LLP
Attorneys for Defendant
INDUSTRIAL MARITIME CARRIERS (BERMUDA) LTD.
One Exchange Plaza
At 55 Broadway
New York, NY  10006-3030
(212) 952-6200
jpare@nb-ny.com


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HHL HEAVY LIFT & LOAD TRANSPORT  :
GMBH & CO. KG,                                            :
                                                                              :
                       Plaintiff,             :   08 Civ. 6774(WHP)
                                                                              :
               - against -                     :   **ANSWER AND COUNTERCLAIM**
                                                                              :
INDUSTRIAL MARITIME CARRIERS      :
(BERMUDA) LTD.,                                       :
                                                                              :
                     Defendant.           :
------------------------------------------------------------X

      Defendant, Industrial Maritime Carriers (Bermuda) Ltd. ("Defendant" or "IMC"), as and for its Answer to the Complaint of HHL HEAVY LIFT & LOAD TRANSPORT GMBH & CO. KG ("Plaintiff" or "HHL") and Counterclaim, alleges on information and belief as follows:

### AS AND FOR DEFENDANT'S ANSWER

      1.     Defendant admits the allegations contained in paragraph 1 of the Complaint.

2

2.	Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.	Defendant admits the allegations contained in paragraph 3 of the Complaint.

4.	Defendant admits the allegations contained in paragraph 4 of the Complaint.

5.	Defendant admits that hire was withheld for the period but that this was in accordance with the terms of the charter.

Except as so admitted, Defendant denies the remaining allegations contained in paragraph 5 of the Complaint.

6.	Defendant admits that disputes under the charter are subject to arbitration in London and that Defendant has commenced arbitration against Plaintiff.

7.	Defendant admits that interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration.

Except as so admitted, it denies the allegations contained in paragraph 7 of the Complaint.

8.	Defendant denies Plaintiff is entitled to the damages, as alleged.

9.	Defendant admits that it does send electronic funds through international banking channels from time to time but there is no legal nexus between such funds and this jurisdiction so as to justify an attachment of same. The balance of Plaintiff's allegations calls for legal conclusions which require no answer.

Except as so admitted, Defendant denies the allegations contained in paragraph 9 of the Complaint.

## AS AND FOR DEFENDANT'S DEFENSES

10. Defendant generally denies that it has any liability to Plaintiff as alleged in the Complaint.

11. Plaintiff's complaint fails to state a claim or cause of action against Defendant on which relief may be premised.

12. During the 141.37197 days that form the subject of Plaintiff's action, Plaintiff was not entitled to payments of hire under the charter in question as the vessel was off hire under that charter by reason, inter alia, of fire damage caused by Plaintff's negligence and breach of charter which rendered the ship's cranes inoperable, rendered the hatch covers and other parts of the vessel inoperable resulting in withdrawal of the vessel's class certification, and by reason of the arrest and detention of the vessel, Plaintiff barring use of and access to the vessel and drydocking and repair of the vessel during the subject period.

13. Defendant pleads, by way of defense, exoneration and limitation, each and every provision in the governing charter party. This includes clause 15 of the charter which provides that in the event of a loss of time from breakdown or damage to hull, machinery or equipment, detention of average accident to ship or cargo, or any other cause preventing the full working of the vessel, the payment of hire shall cease for the time thereby lost. It also includes clause 67 which provides that should the vessel be

seized or detained or arrested, the Charterer's liability under the charter ceases immediately and that all such time thereby lost shall be treated as off-hire.

14. Plaintiff's claim is subject to arbitration and English law and Defendant has no liability to Plaintiff on the basis of this law.

15. Plaintiff's claim has not been properly calculated and Plaintiff has overstated the amount of any possible damages and time lost.

## AS AND FOR DEFENDANT'S COUNTERCLAIM

16. Defendant's counterclaim arises under the aforesaid charter and is an admiralty and maritime claim within this Court's admiralty and maritime jurisdiction and within Rule 9(h) of the Federal Rules of Civil Procedure.

17. Defendant repeats and realleges paragraphs 1-14 above as if set forth herein at length.

18. On or about August 25, 2006 and during the period of the charter, both the cargo and vessel suffered damages caused by the lack of training and fault of the Master and crew for whom Plaintiff is responsible and by breaches by Plaintiff of its obligations under the charter. This included, inter alia, Plaintiff's breach of charter and fault of the Master and Plaintiff in the crew not being trained to properly prevent a fire on board and in failing to prevent the fire and in failing to be properly trained to extinguish the fire and in failing to properly extinguish the fire and, in fact, in fighting the fire in a faulty manner which actually resulted in extensive damage to the vessel and cargo which otherwise would not have occurred and in failing to arrange for bond to be filed to avoid seizure

4

and detention of the vessel, all of which caused the loss of use of the vessel in question to Defendant.

19.     As a result of the aforesaid fault and breaches, Defendant was deprived of the use of the vessel to which it otherwise would have been entitled under the charter for a period of some 141.37197 days, the same period as claimed by Plaintiff. Defendant estimates that Defendant lost revenue of $2,414,040.24, as best as can reasonably be calculated using the same method of calculation as used by Plaintiff.

20.     By reason of the foregoing premises, Defendant has a counterclaim against Plaintiff in the principal amount of $2,414,040.24 which arises out of the same transaction and occurrence as does Plaintiff's Complaint.

21.     Defendant's claim is subject to arbitration in London where costs and attorneys' fees are routinely awarded to the prevailing party. Defendant claims attorneys' fees and costs on account of same in the amount of $396,170, the same amount as claimed by Plaintiff in paragraph 7 of the Complaint.

22.     Interest is also routinely awarded in arbitration in London and Defendant claims interest on its counterclaim of $2,414,040.24 at 6% per annum for three years, the same basis as claimed by Plaintiff in paragraph 7 of its Complaint, in the further amount of $434,567.80.

23.     By reason of the foregoing premises, Defendant is entitled under Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure to countersecurity for its counterclaim, including interest and costs, in the total amount of $3,244778.04.

WHEREFORE, Defendant prays:

24. That Plaintiff's Complaint be dismissed with costs and its order of attachment and any attachment of Defendant's assets be vacated with costs;

25. That Defendant have countersecurity for its counterclaim in the amount of $3,244,778.04.

26. That, when appropriate, the matter be stayed pending arbitration; and

27. That Defendant have such other and further relief as may be just and equitable.

Dated: New York, New York
August 8, 2008

        NOURSE & BOWLES, LLP
        Attorneys for Defendant
        INDUSTRIAL MARITIME CARRIERS
        (BERMUDA) LTD.

By: _____
        Armand M. Pare, Jr.(AP-8575)
        One Exchange Plaza
        At 55 Broadway
        New York, NY  10006-3030
        (212) 952-6200
        jpare@nb-ny.com

TO:   BLANK ROME, LLP
      Attorneys for Plaintiff
      Jack Greenbaum (JG 0039)
      405 Lexington Avenue
      The Chrysler Building
      New York, NY 10174
      (212) 885-5000