MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/15/08

## NOURSE & BOWLES, LLP

One Exchange Plaza
at 55 Broadway
New York, NY 10006-3030
Telephone: (212) 952-6200

Facsimile: (212) 952-0345
E-Mail: reception@nb-ny.com
Web site: www.nb-ny.com

Sender's Direct Dial: (212) 952-6201
email: jpare@nb-ny.com

Nourse & Bowles, LLP
115 Mason Street
Greenwich, CT 06830-6630
Telephone: (203) 869-7887
Facsimile: (203) 869-4535

Nourse & Bowles
75 Main Street, Suite 205
Millburn, NJ 07041-1322
Telephone: (973) 258-9811
Facsimile: (973) 258-1480

August 11, 2008

**BY HAND**
Honorable William H. Pauley
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2210
New York, NY 10007

Re:   **HHL HEAVY LIFT & LOAD TRANSPORT GMBH & CO KG v. INDUSTRIAL MARITIME CARRIERS (BERMUDA) LTD., 08 Civ. 6774(WHP)**

Dear Judge Pauley:

We represent the defendant, Industrial Maritime Carriers (Bermuda) Ltd. (hereinafter "Bermuda"), in the above action and maritime attachment in the amount of $3,102,900 in aid of London arbitration by plaintiff, HHL Heavy Lift & Load Transport GmbH & Co. KG ("HHL") involving an alleged breach of charter for the vessel ATLANT TRINA. The Court has issued an order of attachment against the assets of Bermuda in the said amount of $3,102,900.

The first purpose for which we write is to seek an order for countersecurity. Bermuda has filed a counterclaim for breach of charter by HHL arising out of the same transaction and occurrence as the claim asserted by HHL against Bermuda in HHL's complaint. Bermuda's counterclaim is in the amount of $3,244,778.04 and is calculated on the same basis as the claim asserted by HHL. The countersecurity rule contained in Rule E(7)(a) of the Supplemental Rules for Admiralty on Maritime Claims and Asset Forfeiture ("Supplemental Rules") of the Federal Rules of Civil Procedure provides:

August 11, 2008
Page 2

> (a) When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court for cause shown, directs otherwise. . . .

In the circumstances, Bermuda seeks an order (a draft proposed order is attached) that HHL be required to post countersecurity for Bermuda's counterclaim in cash (the same form of security as sought by plaintiff in attaching electronic banking transfers) on a dollar for dollar basis as and when HHL attaches Bermuda's funds (without prejudice to Bermuda's right to seek additional security because its claim is greater than plaintiff's claim). The purpose of the countersecurity rule is to ensure that the parties have security on an equal basis and we respectfully submit the attached draft does this. Clipper Shipping Lines Ltd. v. Global Transporte Oceanico S.A., U.S. Dist. LEXIS 18827 (S.D.N.Y.). To the extent that this request requires a motion, we request a pre-trial conference in accordance with your Honor's rules.

Second, HHL's attachment has already begun to restrain funds of an entirely separate company from Bermuda which is not a defendant in this action, i.e., Industrial Maritime Carriers, LLC (hereinafter "LLC"). LLC operates a liner service and receives and sends electronic transfers on a daily basis. Recently, HHL's attachment against Bermuda has resulted in a temporary restraint of funds LLC was sending to a fuel oil supplier to obtain fuel for a vessel in LLC's liner service. This problem was temporarily resolved with attorneys for HHL, but on a without prejudice basis, and HHL has reserved its rights against LLC. We believe that under the cases, it is improper to attach a party's assets unless that party is a defendant in an action and here LLC is not. DS Bulk Pte. Ltd. v. Calder Seacarrier Corp., 2006 U.S. Dist. LEXIS 39242 (S.D.N.Y.). In fact, HHL has sought informal discovery concerning the connection between Bermuda and LLC in an apparent attempt now to try to make a connection. It is, of course, not up to a third party to disprove an alter ego allegation but rather the other way around. In order to prevent further attachments to the assets of LLC and interruption of its liner service, we respectfully propose that language such as the following be added to an amended order of attachment:

> All garnishees shall take care not to attach funds of any other entities other than the named defendant, Industrial Maritime (Bermuda) Ltd., including but not limited to Industrial

August 11, 2008
Page 3

      Maritime Carriers LLC. In the event of doubt, garnishees are to seek instructions from attorneys for plaintiff, Blank Rose LLP, and attorneys for defendant, Nourse & Bowles, LLP, and, in the event of a dispute that cannot be resolved, the parties should notify the court.

<u>Again, to the extent this request requires a pre-trial conference under your Honor's rules, we respectfully request one at your Honor's earliest convenience.</u>

      Respectfully yours,

      NOURSE & BOWLES, LLP

      By:

           Armand M. Paré, Jr.

AMP:ll
Encs.

cc:   **VIA FACSIMILE**
     LeRoy Lambert, Esq.            917-332-3838
     Jack A. Greenbaum, Esq.      917-332-3834
     Blank Rome LLP

*Application granted.*

SO ORDERED:

[signature]

8/14/08

*The pre-motion conference shall take place on August 22, 2008 at 9:30 a.m.*